Town of Mamaroneck and Village of Pelham, Appellants, Respondents, *v.* New York Interurban Water Company and Others, Respondents, Impleaded with the Village of Mamaroneck and William B. Baker and Others, Constituting the Board of Fire Commissioners of the Fire Department of the Town of Pelham, First Fire District, Respondents, Appellants.

Second Department, October 28, 1921.

Corporations — waterworks company — sale by company of part of system to municipality — right of other municipalities to which company supplies water to prevent sale — sale will not be restrained where proof does not show that company will not be able to fulfill its obligations to plaintiff — company had right to sell and municipality to purchase part of plant without consent of Conservation Commission.

A proposed sale by a waterworks company, engaged in supplying water to several municipalities, of a part of its plant to one of the municipalities will not be restrained on the ground that the company will not be able,

after the sale, to fulfill its obligations to the other municipalities, in the absence of proof, by a fair preponderance of evidence, that the proposed dismemberment of its plant will leave it destitute of the property, equipment and facilities that are necessary for the performance of its duty to the complaining municipalities.

The said company had the right to sell and the municipality to purchase a part of the plant and engage in the business of purchasing water from the city of New York, and supplying and selling it without the consent of the Conservation Commission.

CROSS-APPEALS by the plaintiffs, the Town of Mamaroneck and another, and the defendants, Village of Mamaroneck and others, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 6th day of April, 1921, upon the decision of the court rendered after a trial at the Westchester Special Term dismissing the complaint on the merits. (See 196 App. Div. 946, 978.)

*J. Henry Esser,* for the plaintiffs.

*Arthur M. Johnson,* for the defendant New York Interurban Water Company.

*Benjamin L. Fairchild,* for the defendant Board of Fire Commissioners of the Town of Pelham.

*Frederick W. Clark, Corporation Counsel [J. H. Caldwell* with him on the brief], for the defendant City of Mount Vernon.

Judgment unanimously affirmed, with costs, upon the opinion of Mr. Justice TOMPKINS at Special Term, and the injunction granted by this court by order as resettled, filed May 13, 1921, is vacated.

Present — BLACKMAR, P. J., RICH, PUTNAM, KELLY and JAYCOX, JJ., concur.

The following is the opinion of the court below:

TOMPKINS, J.:

The purpose of this action is to restrain the water company and the city of Mount Vernon from consummating a contract for the sale by the water company, and the purchase by the

city, of the pipes and distributing system by which the former now supplies the latter and its inhabitants with water, the plaintiffs' theory being that the contemplated sale will take so much from the water company that it will not be able, with what shall remain, to discharge its obligations to the plaintiffs as consumers of water. The law presumes that a public utility corporation will perform its duty and discharge its obligations, and that presumption must be rebutted and overcome by the plaintiffs before they can maintain this action, and that, I think, has not been done. A mere apprehension that the water company may not be able in the future to do its duty to the plaintiffs is not sufficient. There must be convincing proof, by a fair preponderance of evidence, that the proposed dismemberment of its plant will leave it destitute of the property, equipment and facilities necessary for the performance of its duty to the plaintiffs, and that they will suffer irreparable damage thereby.

Proof of that character and weight is lacking in this case. On the contrary, it is conceded that there will be an abundant supply of water; the village of Pelham, including the section known as Pelham Heights, will be connected with the sixteen-inch main which now supplies the city of Mount Vernon by pipe that has already been secured for that purpose, and until that is done the present supply will be continued, and the water company asserts its purpose to continue its service to the plaintiffs and all others now served by it, and declares its ability to do so at reasonable rates, and fortifies its declaration by the undisputed facts that, with Mount Vernon out of its area of service, the cost of its operations will be materially reduced; its capital will be very substantially increased by the proceeds of the proposed sale, and the sale of other property that will not be necessary by reason of the severance of Mount Vernon from its operating system. The sum of approximately $78,000 will be the total annual cost of its operations with Mount Vernon cut off, while its gross receipts from the rest of its business will be about $98,000.

I think that the company has a right to sell its property, or any part thereof (Stock Corp. Law, § 16, as amd. by Laws of 1920, chap. 396) and that the city of Mount Vernon has a right to purchase the company's property and engage

in the business of purchasing water from the city of New York, and supplying and selling it, without the consent of the Conservation Commission. (Laws of 1911, chap. 127, as amd. by Laws of 1912, chap. 478; Laws of 1905, chap. 724, § 40, as amd. by Laws of 1916, chap. 601.)

Judgment for the defendants, dismissing the complaint upon the merits, with costs.