WESTCHESTER JOINT WATER WORKS No. 1, Plaintiff, *v.* THE VILLAGE OF PELHAM, Defendant.

Supreme Court, Westchester County, June 17, 1933.

*J. Henry Esser,* for the plaintiff Westchester Joint Water Works No. 1.

*William L. Ransom, George W. Hinckley* and *Edwin D. Kyle, Jr.,* for the defendant The Village of Pelham.

CLOSE, J. This action is brought by the plaintiff to restrain the defendant from constructing, maintaining and operating the proposed water works system within the village of Pelham and within the duly organized fire district in which the village of Pelham is a part without first obtaining the approval of the Water Power and Control Commission. The plaintiff moves for an injunction *pendente lite.* Defendant by cross-motion asks that the complaint be dismissed.

The plaintiff is a domestic public corporation organized pursuant to chapter 654 of the Laws of 1927 and is composed of several towns and villages in Westchester county. After its organization it acquired by purchase certain franchises, pipes and sources of supply, a portion located within and a portion without the territory embraced in the district. The village of Pelham was supplied by the plantiff's predecessor, and since the organization of the plaintiff has been supplied by the plaintiff.

It is conceded that the village of Pelham is within the confines of a duly organized fire district and that the plaintiff has supplied and is still supplying water in and to said fire district and to the inhabitants of such fire district for domestic purposes. It is further conceded that at the request of the officers of such fire district the plaintiff and/or its predecessor has installed fire hydrants within the district and that the district is now receiving a supply of water from the plaintiff.

It is the plaintiff's contention that the village of Pelham cannot proceed to construct its proposed water system until it has complied with subdivision (d) of section 522 of the Conservation Law.

Section 522 of the Conservation Law was added by chapter 648 of the Laws of 1926 and in so far as is material to the question before the court reads as follows: "No municipal corporation or other civil division of the state, and no board, commission or other body of or for any such municipal corporation or other civil division of the state and no person or waterworks corporation engaged in supplying or proposing to supply the inhabitants of any municipal corporation or other civil division of the state with water shall * * *

" (d) supply water in or for use in any other municipality or civil division of the state which owns and operates a water supply system therein, or in any duly organized water supply or fire district supplied with water by another person, corporation or municipality; until the approval therefor of the commission has been applied for and obtained."

The village of Pelham in an excess of caution presented a petition to the Water Power and Control Commission and that petition is before the court. It alleges facts that establish that it has duly complied with section 236 of the Village Law and that a favorable referendum vote has been secured from the electors of the village. Section 236 of the Village Law provides in substance that a proposition may be submitted to authorize any incorporated village to make a contract with the city of New York to take and receive from any of the reservoirs, aqueducts, conduits, streams or pipes of the city of New York, water for the uses and purposes of the village. It provides further that any village desiring to take and receive water must apply to the proper officer in charge of water supply of the city of New York and that such officer " shall have exclusive jurisdiction in the premises to the exclusion of any other board, officer, bureau or department of the state or any subdivision thereof."

The defendant's petition discloses that it does not intend to connect directly with the New York city source of supply, but alleges that it has two possible sources of securing New York city water. One, by an arrangement with a private water company known as the New Rochelle Water Company, and the other, through a municipal plant owned by the city of Mount Vernon.

The Water Power and Control Commission refused to accept jurisdiction, basing its decision upon section 40 of chapter 724 of the Laws of 1905, as now amended, and section 236 of the Village Law. Section 40 of chapter 724 of the Laws of 1905, as now amended by chapter 525 of the Laws of 1928 and in so far as pertinent to this discussion, reads as follows: " To take and receive from any of the reservoirs, aqueducts, conduits, streams or pipes of the city of New York, a supply of water for the uses and purposes of the said municipal corporations and to that end said municipal corporations * * *

and each of them is, authorized and empowered to lay the necessary mains, pipes, valves, hydrants, supply pipes and other necessary appurtenances for the use of said water, without the consent of any board, officer, bureau or department of the state or any subdivision thereof."

This section as it now reads was enacted by chapter 525 of the Laws of 1928, effective March 23, 1928. Section 522 of the Conservation Law was passed in 1926 and is incorporated in chapter 648 of the Laws of 1926, section 521-a, and renumbered by chapter 242 of the Laws of 1928, effective March 5, 1928. It thus appears that the amendment affecting section 40 of the Water Supply Act became a law subsequent to the renumbering of section 522. The Legislature must be presumed to have acted with the knowledge of the construction placed upon similar acts by the courts.

It seems to me that the law in *Town of Mamaroneck* v. *New York Interurban Water Co.* (198 App. Div. 396) is controlling here. There, as here, the city of Mount Vernon under legislative authority sought to connect its proposed municipal supply system to the New York city system. There is a provision in the charter of the city of Mount Vernon that required " The city of Mount Vernon shall have no power to acquire, take or condemn lands, property, rights or easements under this act unless maps and plans covering the work contemplated by this act shall have been submitted to and approved by the state water supply commission." (Laws of 1911, chap. 127, § 24.)

The city was about to enter into a contract with the water company to purchase its pipes, etc., located in the city of Mount Vernon. The action was to restrain the city upon the ground that it had not complied with section 24 (*supra*). It was held that the action would not lie and that section 40 of the Water Supply Act made it unnecessary to apply to the State Water Supply Commission. I am unable to distinguish that case from the case at bar. The ruling in that case has been followed by the Water Supply Commission consistently. (*Matter of Village of Elmsford*, [1922], 28 State Dept. Rep. 470, 472, and *Matter of Hardscrabble Water District*, [1932] 42 id. 107, 119.)

The plaintiff does not possess an exclusive franchise. Its rates are not under the jurisdiction and control of any State body and the fact that the village may parallel its lines gives it no right to restrain such action. (Pub. Serv. Law, § 89-i, as added by Laws of 1931, chap. 715.)

There is no dispute about the facts. The complaint does not, in my opinion, state a cause of action. The cross-motion to dismiss is granted. It follows that the motion for an injunction is denied.

Settle order and judgment on notice.